IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH DINGLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-2094-M |
| | § | |
| DOUGLAS DRETKE, Director, Texas | § | |
| Department of Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

On March 10, 2004, the United States Magistrate Judge issued Findings and recommended that the Court dismiss Petitioner's habeas petition for lack of jurisdiction. *See* 28 U.S.C. 2244(b)(2) (2004) (limiting successive habeas petitions). Petitioner filed Objections to the Findings and Recommendations on March 22, 2004. Within the text of his Objections, Petitioner claims to have given a Notice of Appeal and to have made a Motion, directed to the Fifth Circuit, requesting leave to file a successive habeas petition. By Order dated March 30, 2004, this Court accepted the Findings and Recommendations, and entered Judgment dismissing Petitioner's suit. Petitioner's purported Notice of Appeal and Motion for Leave were not separately docketed in the Court record. Currently before the Court is Petitioner's "Motion for Relief from Judgment or Order".

Petitioner alleges the Court erred when it found his habeas petition was a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b). He moves the Court to vacate its Judgment, under FED R. CIV. P. 60(b). *See In re Grimland, Inc.*, 243 F.3d 228, 232, (5th Cir. 2001) (Rule 60(b) gives the District Court discretion to correct judicial error when the Court's decision is

1

based on a "fundamental misconception of the law", or is in conflict with a "clear statutory mandate"). Alternatively, Petitioner claims the Court erred by failing to docket a Notice of Appeal and Motion for Leave on the date he filed his Objections. He claims his Notice of Appeal and Motion for Leave were overlooked, due to either the Clerk's error, or his own procedural mistake. He aks the Court to apply FED. R. CIV. P. 60(a) to modify the Court record to reflect that a Notice of Appeal and Motion for Leave were filed on March 22, 2004. *See West Texas Marketing Corp. v. Kellogg*, 12 F.3d 497, 503-04 (5th Cir. 1994) (the Court may use Rule 60(a), in limited circumstances, to correct mistakes by the parties). He urges such modification will assist him in obtaining appellate review.

The Court declines to exercise its discretion to reverse its holding that Petitioner's habeas filing was "second or successive", within the meaning of 28 U.S.C. § 2244(b). Petitioner filed his initial habeas petition on April 23, 2003, alleging prison officials violated his constitutional rights by subjecting him to disciplinary proceedings that, among other things, resulted in his serving fifteen days in solitary confinement. The Court dismissed that suit, finding his claims were not cognizable by writ of habeas corpus. Petitioner initiated this action on September 15, 2003. Petitioner concedes 28 U.S.C. § 2244(b) requires him to bring "all available claims" in his first petition asserting a right to a writ of habeas corpus. *See U.S. v. Orozco-Ramirez*, 211 F.3d 862, 870 (5th Cir. 2000). He does not dispute the Magistrate Judge's conclusion that several of the claims now asserted were available to him at the time he filed his petition on April 23, 2003. He alleges, however, that the initial petition should not count against him under 28 U.S.C. § 2244(b)(2), because the claims therein were deficient as a matter of law, and should have been construed by the Court as instead arising under 42 U.S.C. § 1983.

A petition is counted, for purposes of 28 U.S.C. § 2244(b)'s restriction on filing successive

habeas petitions, when it is dismissed on its merits, or dismissed on account of an "irremediable defect" that prevents the trial court from reaching its merits. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *Crone v. Cockrell*, 324 F.3d 833 (5th Cir. 2003) (the initial petition was dismissed as time-barred, and consequently, the petitioner was precluded from asserting a second petition).[1] Although apparently an issue of first impression in this jurisdiction, the Sixth Circuit has considered a *pro se* party's assertion that his deficient habeas petition should have been re-characterized by the trial court as a § 1983 claim, rather than dismissed on account of the petitioner's defective pleadings. *See Martin v. Overton*, 391 F.3d 710, 724 (6th Cir. 2004). The Sixth Circuit rejected the petitioner's argument, concluding the trial court has discretion to dismiss such an action, even when to do so potentially bars the petitioner "from asserting a habeas challenge to his state sentence at a later date." *Id*. at 713.

The Court is not persuaded that its decision to construe Petitioner's April 23, 2003 suit as a first habeas petition, for purposes of 28 U.S.C. § 2244(b), is based on a fundamental misconception of the law, or is in conflict with a clear statutory mandate, and therefore finds Petitioner's requested relief under FED. R. CIV. P. 60(b) inappropriate.

Alternatively, Petitioner requests that the Court exercise its authority under FED. R. CIV. P. 60(a) to deem a Motion for Leave and Notice of Appeal to have been filed on March 22, 2004. However, the Court finds Petitioner's Motion for Leave and Notice of Appeal deficient, as a matter of law, irrespective of whether they were filed when he filed his Objections. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly requires that a Motion for Leave to File a Successive Habeas Petition be filed with the Court of Appeals, not the District Court, and

---

[1] If, however, the initial petition is dismissed on procedural grounds, such as the petitioner's failure to exhaust state remedies, a subsequent petition will not be deemed "second or successive", and will not implicate 28 U.S.C. § 2244(b). *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

Petitioner never did that.  *See* 28 U.S.C. § 2244(b)(3) (2005).

Similarly, if what Petitioner filed is a Notice of Appeal, and if it is deemed filed on March 22, 2004, it was not timely.  Petitioner's attempt to assert a Notice of Appeal within Objections, which he filed before this Court accepted the Magistrate Judge's Findings and Recommendations, was premature.  As Petitioner admits, he was attempting to anticipate the Court's subsequent disposition of his claims.  However, the Court of Appeals lacks jurisdiction to entertain an appeal filed before the entry of a Judgment, Order, or other "final decision" of the District Court.  *See U.S. v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998).  Petitioner filed his Notice of Appeal before a final decision was made in his case.  It thus does nothing to preserve Petitioner's right to appeal.

In light of the Court's conclusion that Petitioner's Motion for Leave and Notice of Appeal were both procedurally flawed, the relief sought by Petitioner in his Motion for Relief from Judgment or Order, to mandate the backdated filing of such documents, would not assist Petitioner in obtaining appellate review.  Therefore, Petitioner's request for relief under Rule 60(a) is inappropriate.

**SO ORDERED.**

**DATED:** May 12, 2005.

_____
Barbara M. G. Lynn
UNITED STATES DISTRICT JUDGE